No. 874
### AMERICAN SOAP CO. v. BOGUE
No. 19320. Supreme Court

Record certified for review and final determination by Hamilton Appeals. Dock. Aug. 13, 1925; 3 Abs. 514.

313. CORPORATIONS—Are officers or directors personally liable as partners, if foreign corporation does not comply with statutes provided for such corporations, and debts are contracted in the name of the corporation?

The American Soap Co. in the Hamilton Common Pleas alleged that Charles Bogue was president, manager and director of the Ferndell Cafeteria Co., organized under the laws of Illinois. This corporation opened a restaurant in Cincinnati, under the name of La Palma Cafeteria, which ordered certain goods from the Soap Co., Bogue representing that he was president and general manager of the Cafeteria Co.

The corporation was adjudicated bankrupt in 1923 and at that time there was due the Soap Co. $902.50, which was reduced by payments of dividends by the trustee in bankruptcy until now the Company's claim is for $575.02 with interest from July 1, 1923. It was claimed by the Soap Co. that Bogue is liable personally for all the obligations incurred in the name of his company, because of the fact that it did not qualify as a foreign corporation in Ohio, and was not authorized to transact business in this State.

The Common Pleas sustained a demurrer to the petition of the Company. This judgment was affirmed by the Court of Appeals, and is claimed as being in direct conflict with an opinion of the Court of Appeals of the Fourth District. (OS. Pend. opinion, 2 Abs. 562.) which held that stockholders who attempted to exercise powers of a foreign corporation, which is without authority to do business in the state, are liable as partners for their contracts.

The case is in the Supreme Court for final determination and the question presented is: Are officers, directors, and managing agents of a foreign corporation doing business in Ohio without having complied with the laws of Ohio pertaining to foreign corporations, liable as partners for the debts of the corporation contracted and incurred in this state?

It is contended that a corporation which has not complied with the statutes in regard to foreign corporations, 178 GC. et. seq., has exactly the same status as one whose authority to do business has been revoked, and is without authority and incompetent to do business in Ohio. That the liability of individuals for debts contracted by them is based on the general rule that "a person who assumes to act as agent for a non-existing, or legally incompetent or irresponsible principal, renders himself personally liable to the person with whom he deals - - - - if the want of authority is unknown to the person with whom he deals."

"It is not disputed but that officers of corporations are protected from private liability while acting within the scope of the corporate powers; but how far such protection is extended when they transcend the corporate authority is not clearly defined. That in such cases a personal liability exists, seems to be recognized." Medill v. Collier, 16 OS. 599.

It is submitted that Ohio should not extend any greater protection to the citizens of another state who see fit to take advantage of the laws of such other state in the incorporation of a company, and then come into Ohio and do business here without complying with our statutes, than residents of Ohio, incorporating in Ohio, and doing business as a corporation in violation of the statutes of another state, would receive from the courts of such other states.

Attorneys—H. J. Siebenthaler for Company; L. R. Lytle for Bogue; both of Cincinnati.

---

### THIS WEEK'S DIGEST
### Cases Published in the Abstract

Published in This Week's Abstract

147. BILLS AND NOTES.
In order to defeat right of holder under 8157 GC., necessary to charge that he took note with notice of breach of warranty. Bartholomew v. Comm. Invest. Tr. Co. OA. 3 Abs. 635.